[Cite as *Predescu v. Ohio Dept. of Transp., Dist. 12*, 2011-Ohio-2753.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GHEORGHE PREDESCU

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2010-11714-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Gheorghe Predescu, filed this action against defendant, Department of Transportation (ODOT), contending his 2003 Chrysler Sebring was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 480 in Cuyahoga County. Plaintiff advised he was traveling "west on I 480 on the Ridge Road ramp" at rush hour on October 29, 2010 trailing an SUV that "ran over a railroad tie that was in the middle of the ramp." Plaintiff related he did not see the railroad tie and his car in turn "ran it over, damage all four tires and possibly my exhaust or shocks." Plaintiff submitted photographs depicting the damage-causing wooden object that he took after pulling the object from the traveled portion of the roadway to the berm area. The object depicted appears to be an elongated block of wood similar to a railroad tie. In his complaint, plaintiff requested damages in the amount of $2,435.52, representing claims for automobile replacement parts, towing, car rental expense, gasoline, and work loss. The filing fee was paid.

**{¶ 2}** Defendant conducted an investigation and determined that the damage-causing incident occurred at milepost 13.04 on Interstate 480 in Cuyahoga County.

Defendant asserts that it had no "notice of the subject condition prior to" the damage-causing incident. Defendant, "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to produce any evidence to establish the length of time the debris condition existed prior to 5:00 p.m. on October 29, 2010. Defendant also asserted that plaintiff did not offer any evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 3} Defendant pointed out that defendant's "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered at milepost 13.04 on Interstate 480 the last time that specific section of roadway was inspected prior to October 29, 2010. Defendant reviewed a six-month maintenance jurisdiction history of the area in question and found twenty-eight litter pick-ups were performed in the area with the last occurring on October 25, 2010 and according to defendant, any debris found would have been picked up.

{¶ 4} Plaintiff filed a response noting, "I can not present evidence to indicate how long the debris existed in the roadway prior to the incident." Plaintiff stated, "I have the right to drive on (the) roadway to work without incidents." Plaintiff maintained he is entitled to all damages listed in his complaint, plus $940.00 for newly discovered suspension damage to his car.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 6} However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the

syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 9} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven, Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular wood debris condition prior to 5:00 p.m. on October 29, 2010.

{¶ 10} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including wood block debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to

recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 12} Plaintiff has not produced any evidence to indicate the length of time that the wood debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the wood block debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the wood debris on the roadway.

{¶ 13} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing that ODOT personnel were periodically performing work activities on the particular section of Interstate 480 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a

nuisance.  Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his property.  *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GHEORGHE PREDESCU

  Plaintiff

  v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

  Defendant

   Case No. 2010-11714-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

  Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Gheorghe Predescu                    Jerry Wray, Director
6501 Flowerdale Avenue               Department of Transportation
Cleveland, Ohio  44144               1980 West Broad Street
                                     Columbus, Ohio  43223

RDK/laa
2/8
Filed 3/9/11
Sent to S.C. reporter 5/27/11